## No. 672

### SOUTHARD v. STATE

No. 19898. Supreme Court

On motion to certify. Dock. June 16, 1926; 4 Abs. 404.

629. INDICTMENT—What must an indictment for murder perpetrated in the course of a robbery contain?

Pursuant to an indictment James H. Southard was convicted of first degree murder with a recommendation of mercy by the Lucas Common Pleas which conviction was affirmed by the Court of Appeals.

The indictment contained in part the following allegations:

" - - - - the grand jury do find - - - that James H. Southard - - - while attempting to perpetrate a robbery - - - did unlawfully and purposely kill and murder - - - Fred Wengert by shooting him with a pistol contrary to the form of the statute in such case made and provided - - -".

Southard in the Supreme Court contends that the indictment was not sufficient for the following reasons:

1. Sufficient facts are not stated to show an attempt to commit a robbery.

2. The indictment is not framed with such certainty that a judgment may be pleaded in bar to any subsequent prosecution for the same offense.

3. The indictment does not state a positive charge against the accused and he is therefore uninformed fully concerning the crime with which he is charged.

Attorneys—L. Levy for Southard; J. C. Cochrane for State; both of Toledo.

---

## No. 673

### UNITED MACH. & MFG. CO. v. HURFORD

No. 19903. Supreme Court

On motion to certify. Dock. June 17, 1926; 4 Abs. 404.

465. ERROR—May a plaintiff in error attack an erroneous conclusion of law of a trial court by a petition in error?

This action was brought originally in the Stark Common Pleas by The United Machine & Manufacturing Company against Ross H. Hurford upon three promissory notes. An answer and cross petition was filed by Hurford in which a breach of warranty was set up.

It appears that the parties entered into a certain contract for the installation of an ice cutting machine which contract provided that said machine would work satisfactorily. The promissory notes were non-negotiable and were given for the purchase price of the machine.

The Court of Appeals refused to consider the question of damages on the ground that the point had not been raised in the trial court. The judgment of the Common Pleas in favor of Hurford upon the petition and upon the cross petition was affirmed by the Court of Appeals.

The Company in the Supreme Court, contends:

1. That the trial court erred in finding that the defendant was entitled to recover damages for breach of warranty based upon the amount expended by Hurford.

2. The Appeals erred in holding that the company could not attack an erroneous conclusion of law of the trial court by a petition in error.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp, Cleveland for Company; J. M. Blake, Canton, for Hurford.